46 F.3d 1144
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ervin Charles ST. AMAND, Plaintiff-Appellant,
v.
NEVADA BOARD OF PAROLE COMMISSIONERS, et al., Defendants-Appellees.
 No. 93-16755.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Oct. 20, 1994.*
Decided: Feb. 1, 1995.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ervin Charles St. Amand, a California state prisoner,[1] appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action for failure to state a claim. St. Amand contends that the district court erred in finding that the Nevada Board of Parole Commissioners ("Parole Board") was immune from suit and in refusing to join the claims of other inmates similarly situated. We REVERSE and REMAND.
 
 
 3
 St. Amand initiated his 42 U.S.C. Sec. 1983 claim against the Parole Board after being denied parole on two prior appearances before the board. St. Amand claims that, on both occasions, the Parole Board denied his application in retaliation for lawsuits St. Amand had filed against the Clark County Sheriff and the Nevada Chief Depute Attorney General. When St. Amand filed suit in the district court, he simultaneously moved to join the claims of other inmates who claim to have suffered similar constitutional violations.
 
 
 4
 Relying on Anderson v. Boyd, 714 F.2d 906, 908-09 (9th Cir. 1983), the district court granted the Parole Board's motion to dismiss St. Amand's complaint under Fed. R. Civ. P. 12(b)(6). The district court concluded that the members of the parole board, acting in their official capacity, are immune from suits seeking damages. Id. The court then dismissed St. Amand's motion for joinder as moot.
 
 
 5
 St. Amand's action does not seek damages. He requests only equitable relief from the decisions of the Parole Board. Therefore, the district court erred in its reliance on Anderson. The Supreme Court held in Pulliam v. Allen that judicial immunity does not protect individual state officials acting in their judicial capacities from suits for injunctive relief. Pulliam v. Allen, 466 U.S. 522, 541-42 (1984); Lebbos v. Judges of Superior Court, Santa Clara Co., 883 F.2d 810, 813 n.5 (9th Cir. 1989). The Parole Board was not immune from St. Amand's suit. As a result, the district court's dismissal of St. Amand's motion to join related claims was also in error. We REVERSE and REMAND.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed. R. App. P. 34(a) and 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of the circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 St. Amand was transferred from the Nevada Department of Corrections to the custody of the California Department of Corrections on January 24, 1994